# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> XAVIER VALENTINE BROWN, <br><br> Defendant. | Criminal Action No. 05-02-6 (BAH) <br><br> Chief Judge Beryl A. Howell |

## MEMORANDUM OPINION

Defendant Xavier Valentine Brown, proceeding *pro se*, filed a motion, on January 15, 2014, pursuant to Federal Rule of Criminal Procedure 41(g), for the return of personal property and cash allegedly seized from him by Federal Bureau of Investigation ("FBI") agents at the time of his arrest on January 6, 2005.  Def.'s Petition for Return of Prop. Pursuant to Fed. R. of Crim. P. 41(g) by Way of Affidavit by Xavier Valentine Brown ("Def.'s Pet.") ¶ 4, ECF No. 149.[1]  In response, the government has returned some of the items seized, denies seizing some items described by the defendant, and claims to have administratively forfeited or have a continuing evidentiary need for the rest of the items.  Gov't's Opp'n to Def.'s Pro Se Fed. R. Crim. P. 41(g) Mot. for Return of Property ("Gov't's Opp'n"), at 1–2, ECF No. 150; Gov't's Supp. Mem. Opp'n ("Gov't's Supp. Opp'n"), at 6, ECF No. 154; Gov't's Response to Court's May 3, 2016 Minute Order ("Gov't's Certification") at 1 n.1, ECF No. 156; *id.*, Ex. 1 ("Ervin Aff.") at 3, ECF No. 156-1.  Upon review of the parties' submissions, the petition is denied.

---

[1]   At the time of the filing of the petition, this case was assigned to the former Chief Judge and, after his retirement, was subsequently re-assigned, on April 4, 2016, to the undersigned Chief Judge.

I.     BACKGROUND

The defendant was arrested on January 6, 2005 and convicted by a jury one year later, on January 6, 2006, of conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846.  *See* Verdict Form, ECF No. 80 at 1; Def.'s Pet. ¶ 3 (citing *United States v. Brown*, 508 F.3d 1066, 1068 (D.C. Cir. 2007)).  He was subsequently sentenced on April 21, 2006 to a term of 135 months of incarceration, followed by a five-year term of supervised release, and fined $4,285.  *See* J. and Commitment Form, ECF No. 89 at 1-5.

"At the time Brown was arrested, he had a cell phone in his hand . . . [and] [f]our other cell phones were found in the car Brown was driving.  Two notebooks were also recovered from Brown's vehicle."  *United States v. Brown*, 508 F.3d at 1069.  "The notebooks and the phones were entered into evidence at trial."  *Id*. at 1069–70.  The defendant now seeks return of these five phones and the two notebooks, which he apparently refers to as "Writing Pads," as well as other items that he claims were seized from him at the time of his arrest.  He summarizes the items at issue in his pending motion for return of property as follows:

>    [#1.] U.S. Currency of over Seven Thousand ($7,000) dollars;
>    [#2.] Wallet with Driver's License and Credit Cards;
>    [#3.] House Keys;
>    [#4.] Gold Chain with a Jade Pendant;
>    [#5.] Wedding Band made of Gold and Diamonds;
>    [#6.] Diamond Earrings;
>    [#7.] Red Rope Belt;
>    [#8.] Black North Face Jacket;
>    [#9.] Men's Dress Shirts;
>    [#10.] Compact Discs;
>    [#11.] Writing Pads;
>    [#12.] Cell Phones and Phone Accessories.

Def.'s Pet. ¶ 53.

With respect to the twelve listed assorted items sought by the defendant, the government argues, first, that the U.S. currency (#1) was administratively forfeited on June 13, 2005 "after

proper notice had been given to all known parties and after no claims contesting the proposed forfeiture had been filed." Gov't's Opp'n at 2–4.  Second, the government opposes return of the five cell phones (#12) and two notepads (#11) because the items are being "retained . . . as evidence for the prospective prosecution of . . . Jose Meneses," a named co-defendant in the defendant's criminal case. *Id*. at 1, 4.  Third, the government indicates that the FBI has no record of seizing from the defendant any diamond earrings (# 6), a black North Face jacket (#8), men's dress shirts (#9), or compact discs (#10) and, consequently, these items cannot be returned. *Id.* at 4, 7.  Finally, the government does not object to returning the remaining items—a wallet with driver's license and credit cards (#2), house keys (#3), a gold chain with a jade pendant (#4), a wedding band made of gold and diamonds (#5), a red rope belt (#7), and four cell phone chargers (part of #12)—because these items have no evidentiary value.  Gov't's Opp'n at 3, 6.

On May 3, 2016, the Court directed the government to submit a certification from the FBI "denying or otherwise indicating whether the FBI has any record of seizing from the defendant any diamond earrings, a black North Face jacket, men's dress shirts, or compact discs."  Minute Order, dated May 3, 2016.  On May 4, 2016, the government filed an affidavit from a FBI Special Agent "intimately familiar" with the defendant's investigation, arrest and prosecution, stating that "the FBI never seized" these items.[2]  Ervin Aff. at 3.  Furthermore, the Special Agent avers that he has returned to the defendant the following items: miscellaneous paperwork and various bankcards[3] (part of #2), a ring of keys (#3), a gold chain (#4), a gold ring (#5), a red rope belt (#7), and four cell phone chargers (part of #12).  *Id.*

---

[2]   The FBI Special Agent did find a black North Face hat, which was returned to the defendant.  Ervin Aff. at 3.

[3]   The FBI Special Agent avers that, while a wallet was indeed seized from the defendant during the arrest, no wallet was in the FBI's possession during his review and, consequently, it could not be returned to the defendant. Ervin Aff. at 3.

## II. LEGAL STANDARD

Rule 41(g) "allows the owner of property the government has seized in a search to seek its return." *In re Sealed Case*, 716 F.3d 603, 605 (D.C. Cir. 2013). This rule provides that "[a] person aggrieved by . . . the deprivation of property may move for the property's return." FED. R. CRIM. P. 41(g). The D.C. Circuit has expressed the "'general rule [] that seized property, other than contraband, should be returned to its rightful owner once the criminal proceedings have terminated.'" *United States v. Farrell*, 606 F.2d 1341, 1343 (D.C. Cir. 1979) (quoting *United States v. LaFatch*, 565 F.2d 81, 83 (6th Cir. 1977)); *see also United States v. Hubbard*, 650 F.2d 293, 303 (D.C. Cir. 1980) ("[T]he party from whom materials are seized in the course of a criminal investigation retains a protectible property interest in the seized materials.").

While lawfully seized property "may be retained pending exhaustion of its utility in criminal prosecutions," *Hubbard*, 650 F.2d at 303; *see also Farrell*, 606 F.2d at 1347; *United States v. Wilson*, 540 F.2d 1100, 1103–04 (D.C. Cir. 1976) ("[O]nce an item of property is no longer pertinent to a criminal prosecution, the item may be returned on application to the same criminal court."), seized property that is "contraband or statutorily forfeit . . . need not be returned at all," *Hubbard*, 650 F.2d at 303 n.26; *see also Farrell*, 606 F.2d at 1347. The D.C. Circuit has instructed that "the district court has both the jurisdiction and the duty" to ensure the return "to the defendant [of] property seized from him in the investigation but which is not alleged to be stolen, contraband, or otherwise forfeitable, and which is not needed, or is no longer needed, as evidence." *Wilson*, 540 F.2d at 1101; *see also United States v. Price*, 914 F.2d 1507, 1511 (D.C. Cir. 1990) (per curiam) (summarizing holding in *Wilson,* at 1101, 1103*,* that "'the District Court has both the jurisdiction and the duty to ensure the return' of the defendant's property but only when 'no government claim lies' against that property").

4

Rule 41(g) motions made after the conclusion of criminal proceedings are treated as civil actions against the government and, thus, subject to the six-year statute of limitation under 28 U.S.C. § 2401(a).[4] *Alaska Cmty. Action on Toxics v. U.S. E.P.A.*, 943 F. Supp. 2d 96, 102 (D.D. C. 2013) ("The D.C. Circuit has held, and recently affirmed, that a court 'lacks subject matter jurisdiction to hear a claim barred by section 2401(a).'" (citations omitted)); *see also Williams v. United States*, Civil Action No. 13-325 (JDB), 2013 WL 2456109, at *2 (D.D.C. June 6, 2013) (applying six-year statute of limitation under § 2401(a) to Rule 41(g) claim).

### III.  DISCUSSION

At the outset, the government concedes that certain items seized from the defendant are of no evidentiary value and, consequently, have already returned those items— miscellaneous paperwork and various bankcards (#2), a ring of keys (#3), a gold chain (#4), a gold ring (#5), a red rope belt (#7), and four cell phone chargers (#12)—to the defendant.  *See* Gov't's Opp'n at 6; Ervin Aff. at 3.  Accordingly, the defendant's motion with respect to these items is denied as moot.  Second, as noted, the government has certified that some of the listed items were never seized from the defendant during his arrest and, therefore, are not in the FBI's possession.  Gov't's Opp'n at 7; Ervin Aff. at 3.  Consequently, the defendant's motion with respect to the diamond earrings (# 6), a black North Face jacket (#8), men's dress shirts (#9), and compact discs (#10) is denied.

The remaining items identified by the defendant for return are either subject to administrative forfeiture or are being retained for use in other criminal proceedings.

---

[4]   Section 2401 provides that, barring an enumerated exception, "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."  28 U.S.C. § 2401(a).

Consequently, for the reasons discussed in more detail below, the defendant's motion as it pertains to these remaining items is also denied.

### A. THE U.S. CURRENCY (#1) HAS BEEN ADMINISTRATIVELY FORFEITED BARRING RECOUPMENT

The defendant seeks return of $7,176 seized from him at the time of his arrest, but this money has already been administratively forfeited, pursuant to 21 U.S.C. § 881(a)(6). Def.'s Pet. ¶ 4. Section 881(a)(6) authorizes forfeiture of "moneys . . . furnished or intended to be furnished by any person in exchange for a controlled substance . . . , all proceeds traceable to such an exchange, and all moneys . . . used or intended to be used to facilitate any violation of this subchapter." *See* Gov't's Opp'n, Ex. 3 (Decl. of Admin. Forfeiture) at 10, ECF No. 150-1.

The law is well-settled "that once the Government initiates an administrative forfeiture proceeding and the property is not the subject of an ongoing criminal proceeding, the District Court has no jurisdiction to resolve the issue of return of property." *United States v. Price*, 914 F.2d at 1508; *see also Bazuaye v. United States*, 83 F.3d 482, 486 (D.C. Cir. 1996) ("[O]nce the government initiates administrative forfeiture proceedings, the court has no jurisdiction to consider a defendant's motion for return of property under Federal Rule of Criminal Procedure 41(e).").[5] Instead, the defendant seeking return of such forfeited property must "challenge forfeiture in the administrative proceeding." *Id*. at 1508; *see also Perry v. United States*, 809 F.2d 930, at *5 (D.C. Cir. 1987) (unpublished table decision) (concluding that defendant "cannot properly raise" challenge to seizure of property in a Rule 41 motion because "if [he] had wanted to challenge the legality of the seizure of his property pursuant to a forfeiture statute, the proper procedure would have been to do so in the forfeiture proceeding" (citing *United States v. Rapp*,

---

[5]  Rule 41(g) was previously designated as Rule 41(e) and was amended, without substantive change in 2002. *See Adeleke v. United States*, 355 F. 3d 144, 146 n.1 (2d Cir. 2004).

539 F.2d 1156, 1161(8th Cir. 1976))); *United States v. Barnhardt*, 555 F. Supp. 2d 184, 186 (D.D.C. 2008) (denying Rule 41(g) motion for return of seized property because the "defendant's sole remedy under these circumstances was to bring a separate civil action and to file a motion to set aside forfeiture pursuant to" Section 983(e) of the Civil Asset Forfeiture Reform Act (internal quotations and citation omitted)); *Wada v. United States Secret Serv.*, 525 F. Supp. 2d 1, 11–12 (D.D.C. 2007) (finding lack of jurisdiction over motion for return of property, which was subject to administrative forfeiture proceeding). Consequently, Rule 41(g) does not provide an avenue of relief for the defendant to recoup the administratively forfeited funds.

Since the defendant is proceeding *pro se*, however, his motion will be liberally construed to conform to the nature of the relief that he seeks. *See, e.g., Williams v. Gonzales*, 567 F. Supp. 2d 148, 149 (D.D.C. 2008) ("The Court is not bound by a pro se litigant's characterization of his cause of action. Rather a court must determine the proper characterization of a filing by the nature of the relief sought."); *McLean v. United States*, Criminal Action No. 90-318 (TFH), 2006 WL 543999, at *1 (D.D.C. Mar. 3, 2006) ("A court must determine the proper characterization of a motion by the nature of the relief sought." (citation omitted)). In this case, the defendant challenges the forfeiture of the money, claiming that the "[g]overnment failed to provide [him] with Constitutionally sufficient notice." Def.'s Reply to Gov't's Opp'n to Def.'s Pet. for Return of Property Pursuant to the F. R. Crim. P. 41(g) by Way of Affidavit ("Def.'s Reply") at 10, ECF No. 151; *see also* Def.'s Pet. at 2. Thus, his motion will be construed as a motion, under 18 U.S.C. § 983(e), to set aside the government's forfeiture for failure to give proper notice. Even so construed, the defendant is not entitled to the relief he seeks and, in any event, the defendant's claim to the forfeited funds is time-barred.

### *1. The Government Provided Sufficient Notice of the Forfeiture*

Prior to seizing any property, the government is required to "cause a notice of the seizure of such articles and the intention to forfeit and sell or otherwise dispose of the same according to law to be published for at least three successive weeks in such manner as the Secretary of the Treasury may direct." 19 U.S.C. § 1607(a)(4); *see also* 28 C.F.R. §§ 8.9(a)(1)(i), (b)(1); *Lopez v. United States*, 201 F.3d 478, 480 (D.C. Cir. 2000). The Civil Asset Forfeiture Reform Act, 18 U.S.C. § 983, provides "the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute," including a forfeiture under 21 U.S.C. § 881(a)(6), which was the authority used to forfeit the defendant's money. *See* 18 U.S.C. § 983(e)(5). For failure to adhere to the written notice requirement, under 19 U.S.C. § 1607(a), applicable to a nonjudicial civil forfeiture proceeding, the person entitled to such notice

> may file a motion to set aside a declaration of forfeiture . . . which motion shall be granted if (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

18 U.S.C. § 983(e)(1).

Actual notice is not required under 18 U.S.C. § 983(e). The Supreme Court made this clear in *Dusenbery v. United States*, 534 U.S. 161, 166 (2002). In that case, the Court considered "the adequacy of the means employed by the Federal Bureau of Investigation (FBI) to provide notice to a federal prisoner of his right to contest the administrative forfeiture of property . . . ." 534 U.S. at 163. The Court concluded that when the FBI sent a notice by certified mail to the federal prison where the defendant was incarcerated, to the residence where the disputed items were seized, and to an address where the defendant's mother resided, the procedures comported with Due Process. *Id.* at 173. In reaching its holding, the Court emphasized the government was

not required to provide actual notice to affected parties, and "the use of the mail addressed to petitioner at the penitentiary was clearly acceptable." *Id*. at 172; *id*. at 170 ("We note that none of our cases cited by either party has required actual notice in proceedings such as this.  Instead, we have allowed the Government to defend the 'reasonableness and hence the constitutional validity of any chosen method . . . on the ground that it is in itself reasonably certain to inform those affected.'" (quoting *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 315 (1950))); *see also United States v. Hunter,* 221 F.3d 197, 197 (D.C. Cir. 2000) ("The Due Process Clause does not require actual, successful notice; it demands only 'a reasonable effort to give notice.'" (quoting *Small v. United States,* 136 F.3d 1334, 1336 (D.C. Cir. 1988))); *Mesa Valderrama v. United States*, 417 F.3d 1189, 1197 (11th Cir. 2005) ("Reasonable notice, however, requires only that the government attempt to provide actual notice; it does not require that the government demonstrate that it was successful in providing actual notice." (citation omitted)).

Here, the government has submitted the affidavit of FBI Property Management Officer Towanna R. Johnson, who states that "[n]otice of the [forfeiture] action was sent to all known parties, by certified mail, who may have a legal or possessory interest in the property."  Decl. of Admin. Forfeiture at 10.  The transmittal of the notice to the defendant, who at the time was in custody at the D.C. Jail, is documented by both a mail receipt showing that Anthony Banks, of the D.C. Jail, received the letter, and a tracking and confirmation document showing that the notice was delivered to the D.C. Jail on January 31, 2005.  Gov't's Supp. Opp'n, Ex. 1 (Postcard and USPS Notice) at 1–2, ECF No. 154-1.  Thus, the government presents credible evidence that the defendant was provided with written notice of the administrative forfeiture proceedings prior to June 13, 2005.

The defendant presents no evidence to counter the government's evidence other than his protest that he did not receive notice.  *See* Def.'s Pet. ¶ 7, Def.'s Reply at ¶¶ 5, 13, 14.  The defendant's bald assertions are insufficient to defeat the government's evidence regarding its compliance with the notice requirement.  Moreover, the defendant's contention that the letter never reached him but was returned to the government in mailing error is flatly contradicted by the tracking and confirmation receipt the government provides.  *See* Postcard and USPS Notice at 2; Def.'s Reply at ¶¶ 23–24; *cf. Lopez v. United States*, 201 F.3d 478, 481 (D.C. Cir. 2000) (finding government efforts to provide forfeiture notice "were inadequate to afford him due process of law" when government was aware that notices "were not delivered" and "the agency should have attempted to locate him within the prison system").

Here, the government's methods for notifying the defendant were "reasonably certain to inform" him of the seizure of his property and the pending administrative forfeiture proceedings.  Notice of the forfeiture action was sent to the defendant's address at the D.C. jail where the government knew the defendant would be found.  *See* Decl. of Admin. Forfeiture at 1; Postcard and USPS Notice at 1–2; Def.'s Reply at ¶ 35 ("This Petitioner was in the D.C. Jail at the time – without a Bail—and the FBI along with the Government [knew it.]"); *Small v. United States*, 136 F.3d 1334, 1337 (D.C. Cir. 1998) ("Here, the government knew that [defendant] was in prison, and it had an obligation to send adequate notice to him there.").  In addition, the government published notice of the forfeiture action "once a week for three successive weeks in the Wall Street Journal," as required under 19 U.S.C. § 1607.  Decl. of Admin. Forfeiture at 1.  Thus, the defendant's petition, even construed as a motion to set aside the forfeiture, fails because the government's methods of providing notice to the defendant were adequate.

### 2. *Defendant's Motion to Recover Money is Time-barred*

The defendant's claim to recover the seized money is time-barred pursuant to the five-year statute of limitations applicable to motions under 18 U.S.C. § 983(e)(3). [6] Although the exact date of the final publication notice to the interested parties is not provided in the record, the government's submission reflect that notice of the administrative forfeiture action was provided by certified mail to interested and known parties between January 31, 2005, the date of the receipt signed by D.C. jail personnel, and June 13, 2005, the date of the signed declaration. Postcard and USPS Notice at 1; Decl. of Admin. Forfeiture at 1. Thus, the defendant had until sometime before June 13, 2010 to contest the administrative forfeiture, but filed the instant motion on January 15, 2014, four years past the expiration of the statute of limitation. Consequently, the defendant's motion to set aside the administrative forfeiture is untimely under 18 U.S.C. § 983(e)(3).[7]

### B.  REMAINING SEIZED ITEMS ARE SUBJECT TO USE IN OTHER CRMINAL PROCEEDINGS BARRING RECOUPMENT

The defendant concedes, as he must, that property may be retained by the government for evidentiary use during a criminal proceeding. Def.'s Pet. at ¶ 9; *see Hubbard*, 650 F.2d at 303 (recognizing government right to "retain certain evidence for use at trial"). This is precisely the government's justification for continued retention of the Writing Pads (#11) and five cell

---

[6] The defendant's contention that the seized money was not properly subject to forfeiture because it was "personal money that did not come from a Drug sale or Drug buy," Reply at ¶¶ 29–31, amounts to a challenge to the forfeiture that is time-barred and should have been brought in the forfeiture proceeding. *See Perry v. United States*, 809 F.2d 930, at *5 (declining to rule on defendant's claim that property was unlawfully seized since "if Appellant had wanted to challenge the legality of the seizure of his property pursuant to a forfeiture statute, the proper procedure would have been to do so in the forfeiture proceeding").

[7] Even if the defendant's motion were considered under the statute of limitations applicable to motions under Rule 41(g), his claim would still be time-barred. As noted, in Part III, Rule 41(g) motions made after the conclusion of criminal proceedings are treated as civil actions against the government and subject to a six-year limitations period. *See* 28 U.S.C. § 2401(a). Thus, the defendant commenced this action three years after lapse of the statute of limitations applicable to Rule 41(g) motions.

phones (# 12). Specifically, the government explains that these items were "vital to the successful prosecution of the defendant, and the government expects that this same evidence will be vital to any successful prospective prosecution of Jose Meneses," who remains a fugitive.[8] Gov't Opp'n at 5. Consequently, the government states that the need to retain "this property has not ended." *Id*. at 6. Accordingly, the defendant's motion for return of the five cell phones and two notepads is denied.

## IV.   CONCLUSION

For the foregoing reasons, the defendant's motion for return of property seized from him at the time of his arrest is denied. The motion is denied as moot with respect to the items already returned to the defendant: miscellaneous paperwork and various bankcards (#2), a ring of keys (#3), a gold chain (#4), a gold ring (#5), a red rope belt (#7), and four cell phone chargers (#12). *Id.*. *See* Ervin Aff. at 3. The motion is denied with respect to the following items that the FBI certifies were not seized and are not in the FBI's possession: diamond earrings (# 6), a black North Face jacket (#8), men's dress shirts (#9), and compact discs (#10). *See id.* Finally, the motion is denied with respect to all other items identified by the defendant in his motion.

An order consistent with this Memorandum Opinion will be contemporaneously entered.

Date: May 5, 2016

                                                                                                                                   _____

                                                                                                                                   BERYL A. HOWELL
                                                                                                                                   Chief Judge

---

[8]    The Court notes that, at the government's request, the indictment against Jose Meneses was dismissed without prejudice, *se*e Order, dated Nov. 20, 2013, ECF No. 147, but nonetheless the government's expressed need to retain certain items for evidentiary uses against this individual in the future will not be second-guessed.